# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD O. DOLCEAMORE,** | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-06-0996 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **JEFFREY BEARD, et al.,** | : |
| | : |
| Defendants. | : |

## M E M O R A N D U M

Ronald O. Dolceamore, an inmate currently confined at the State Correctional Institution at Waymart (SCI-Waymart), Pennsylvania, initiated this civil rights action on May 16, 2006, pursuant to 42 U.S.C. § 1983. He has paid the required filing fee. Named as Defendants are Jeffrey Beard, Secretary of the Department of Corrections; Joseph P. Nish, Superintendent at SCI-Waymart; and "Current SCI-Waymart Doctors." In the complaint Dolceamore alleges that he contracted skin infections between October and December of 2005, which ultimately turned out to be scabies. While he acknowledges that Defendants have been treating him for his condition, he alleges that he still has a rash and itch. For the reasons that follow, the Court, acting in accord with the authority set forth in 28 U.S.C. § 1915A(b)(1), will dismiss the complaint, sua sponte, for failure to state a viable claim for relief.

**I.     Background**

The "Statement of Claim" portion of Dolceamore's complaint reads, in its entirety, as follows:

> (1) Got six consecutive staph infections from Oct.-Dec. 2005. Doctors called it a bacterial infection until a doctor told me it was a staph infection in December 2005. (2) In January of 2006, I developed a rash under my left armpit. I received a lotion to put on to relieve the itch. It spread to my left arm & down my side by February. More types of creams were given for the itch. The doctors said they didn't know what I had. I told them it looked like scabies in February, but they said "no." Finally on April 8th they took a biopsy from me. On April 18th they said I have scabies. I was treated overnight with Desitin. This is supposed (sic) to kill the mites. As of today, the rash is on my arms & legs, on my chest & stomach, & on my groin & waist line. The scaring & the itch still remain.

(Dkt. Entry 1, Compl. at 4.)  As relief, Dolceamore seeks monetary damages.  Based on the foregoing, he appears to allege that Defendants provided him with inadequate medical care in violation of the Eighth Amendment.

**II.    Discussion**

Pursuant to 28 U.S.C. § 1915A(b)(1), a Court shall review a complaint in a civil action filed by a prisoner and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  In reviewing a complaint to determine whether it fails to state a claim, the principles applied in a Federal Rule of Civil Procedure 12(b)(6) analysis are

utilized. A motion to dismiss should not be granted if "under any reasonable reading of the pleadings, the plaintiff [ ] may be entitled to relief. . . ." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In making that decision, a court must accept as true all well-pleaded allegations in the complaint, Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from them in the plaintiff's favor. See United States v. Occidental Chemical Corp., 200 F.3d 143, 147 (3d Cir. 1999). Consequently, the court need not accept "bald assertions" or "legal conclusions." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" in order to breathe life into an otherwise defective complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). A district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover, however, is properly dismissed without leave to amend. Id.

Plaintiff seeks to redress what he claims is a violation of his constitutional rights through 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487

3

U.S. 42, 48 (1988). The Plaintiff appears to allege that his right to adequate medical care under the Eighth Amendment was violated by Defendants because they (1) first diagnosed his condition as a bacterial infection as opposed to a staph infection; (2) failed to listen to him when he said he had scabies, but later diagnosed his condition as scabies; and (3) have provided him with treatments that have failed to eliminate the rash.

Plaintiff first fails to allege any personal involvement on the part of any of the named Defendants. While he names Jeffrey Beard and Joseph Nish as Defendants in the caption of his complaint, they are not mentioned within the body of the complaint and appear to be named only in their supervisory capacities. Plaintiff does not allege that either Defendant participated in his medical care. Furthermore, Plaintiff does not even allege that either Defendant was aware of his medical condition and his medical treatment. "It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in or approved. There is no vicarious, respondeat superior liability under § 1983." C.H. ex. rel. Z.H. v. Oliva, 226 F.3d 198, 201-02 (3d Cir. 2000), cert. denied sub nom, Hood v. Medford Twp. Bd. of Educ., 533 U.S. 915 (2001). Further, although Plaintiff generally lists "SCI-Waymart Doctors" as defendants in the caption and refers to the "doctors" in the body of the complaint, he does not identify the doctors allegedly involved in this matter. However, for the reasons that follow, even permitting Plaintiff the opportunity to amend the

complaint to identify the doctors and allege personal involvement on their part would not cure the deficiencies of the instant complaint.

In Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999), the Court of Appeals for the Third Circuit set forth the standard necessary to establish a claim for deliberate indifference to a prisoner's medical needs. The Court stated:

> The Eighth Amendment prohibits the imposition of unnecessary and wanton infliction of pain contrary to contemporary standards of decency. In Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated. The Court articulated the standard to be used: In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Id. at 106, 97 S.Ct. 285. Therefore, to succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious.... It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference." As the Estelle Court noted: "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind,'" Id. at 105, 97 S.Ct. 285... Deliberate indifference, therefore, requires obduracy and wantonness. . . which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. . . .

Id. at 197 (some internal citations and quotations omitted).

Reading the complaint in the most favorable light to Plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), he fails to state an actionable claim against any person.  At best, the allegations set forth his dissatisfaction with the treatments received for his condition and/or negligence.  There is no question that since October of 2005, Plaintiff has been seen by the SCI-Waymart doctors and treated for his rash.  While they may have originally diagnosed him with a bacterial and then a staph infection, the averments do not suggest that the diagnosis was made maliciously or with deliberate indifference.  There may have been negligence, but the law is clear that "simple medical malpractice is insufficient to present a constitutional violation." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  Plaintiff admits he has continuously received treatment, including prescriptions for various creams and receiving a biopsy.  While he may disagree with the type of treatment he is receiving, he does not set forth any allegations which even suggest deliberate indifference on the part of Defendants, even if the Court were to assume his condition was a serious medical need.  Since Plaintiff fails to state a claim upon which relief can be granted, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  An appropriate Order is attached.

        **s/ Thomas I. Vanaskie**
        Thomas I. Vanaskie, Chief Judge
        Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RONALD O. DOLCEAMORE,** | : |
| | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-06-0996 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| **JEFFREY BEARD, et al.,** | : |
| | : |
| **Defendants.** | : |

## O R D E R

**NOW, THIS 31st DAY OF MAY, 2006,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Complaint (Dkt. Entry 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. The Clerk of Court is directed to **CLOSE** this case.

3. Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                            **s/ Thomas I. Vanaskie**
                                            Thomas I. Vanaskie, Chief Judge
                                            Middle District of Pennsylvania